## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN B. STRONG,

        Plaintiff,

v.                                        No. CIV 07-0584 RB/WDS

WOODBURY UNIVERSITY,
a California Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Dismissal Under Rule 12(b)(6) (Doc. 9), filed on July 30, 2007, and for consideration of the applicability of the *Rooker-Feldman*[1] doctrine.  Jurisdiction arises under 28 U.S.C. § 1332.  Having considered the submissions of counsel, relevant law, and being otherwise fully advised, I dismiss this matter for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

**I.**      **Background.**

On November 20, 2002, Plaintiff filed a complaint for accounting and dissolution of a partnership, breach of partnership agreement and contract against Chris Woodbury (herein "Mr. Woodbury"), individually, in the First Judicial District Court, County of Santa Fe, State of New Mexico, before the Honorable James A. Hall, District Judge (herein "state case").  In the state case, Plaintiff alleged Mr. Woodbury owed Plaintiff a commission derived from the sale of pieces of art.

On August 23, 2003, Plaintiff filed an amended complaint in the state case, alleging that Defendant Woodbury University (herein "University") was liable for the acts and omissions of Mr.

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

Woodbury.  The only alleged basis for jurisdiction over the University was through an alleged agency relationship between University and Mr. Woodbury.

On May 19, 2004, Plaintiff moved to bifurcate the state case on the grounds that "[t]he liability of Defendant Woodbury University hinges on an agency relationship being established between Defendants Chris Woodbury and Woodbury University." (Def.'s Ex. B.)

On August 4, 2004, after an evidentiary hearing, Judge Hall held that "Plaintiff failed to carry his burden of proof that there was sufficient contact between the Defendant Woodbury University and the State of New Mexico to establish jurisdiction over the Defendant [University]." (Def.'s Ex. C.)  On September 3, 2004, Plaintiff appealed this ruling to the New Mexico Court of Appeals.  (Def.'s Ex. E.)

On January 31, 2005, the New Mexico Court of Appeals affirmed Judge Hall's decision that the New Mexico courts lacked jurisdiction over the University because the evidence did not support the proposition that Mr. Woodbury was an agent of the University.  (Def. Ex. F at 7-9.)  Plaintiff did not seek certiorari review from the New Mexico Supreme Court with respect to this decision.  Thus, the decision of the New Mexico Court of Appeals became final on February 20, 2005.  *See* NMRA, 12-502(B).

Plaintiff proceeded with his claims against Mr. Woodbury only.  In May 2005, after a jury trial on the merits, Judge Hall entered a Final Judgment in favor of Plaintiff against Mr. Woodbury. (Def.'s Ex. G). As of June 7, 2007, the entire amount owed by Mr. Woodbury to Plaintiff pursuant to the judgment was $347,797.21.  (Compl. ¶ 11.)

On June 18, 2007, Plaintiff filed the instant action against only the University seeking enforcement of the Final Judgment entered on his behalf against Mr. Woodbury, individually.

Plaintiff alleges herein that Mr. Woodbury acted as an agent for the University, and the

2

University is obligated to satisfy the judgment as the principal.  (Compl. ¶¶ 13-14.)  Plaintiff asserts that the University participated in, controlled, and paid for the defense of Mr. Woodbury in the state case, the University is represented by the same law firm herein that represented Mr. Woodbury in the state case, and the University knew of, condoned, and directed the actions of Mr. Woodbury that gave rise to Mr. Woodbury's liability in the state case.  (Compl. ¶¶ 15-17.)

Defendant moved to dismiss based on the doctrines of res judicata and collateral estoppel. (Doc. 9.)  Plaintiff responded that the motion should be decided under Fed. R. Civ. P. 56, and he requires discovery pursuant to Fed. R. Civ. P. 56(f).  The Court, *sua sponte*, directed the parties to file simultaneous briefs on the issue of whether the *Rooker-Feldman* doctrine affects this Court's jurisdiction.  The Court finds the jurisdictional issue to be dispositive.

## II.    Standard.

When assessing subject-matter jurisdiction, "the Court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment."  *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003).  Thus, the Court finds it unnecessary to convert the motion to a summary judgment motion.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which relief can be granted . . . .."  A motion to dismiss may be granted "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' "  *MacArthur v. San Juan County*, 497 F.3d 1057, 1064-65 (10th Cir. Jul. 18, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007)).  The Tenth

Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (internal quotations omitted) (applying *Twombly* standard).

## III.   Discussion.

The only federal court with jurisdiction to review state court judgments is the Supreme Court. *See* 28 U.S.C. § 1257.  Based on the negative inference created by Section 1257, the *Rooker-Feldman* doctrine holds that lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.  *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.  "[A] district court [can]not entertain . . . claims attacking a state-court judgment, even if the state court [did] not pass[ ] directly on those claims, when the . . . attack [is] 'inextricably intertwined' with the state court's judgment." *Id.*, 544 U.S. at 286, n.1 (quoting *Feldman*, 460 U.S. at 482, n.16).

In this case, Plaintiff attempted to join the University as a defendant in the state court case based on a theory of agency.  Judge Hall held an evidentiary hearing and determined that Plaintiff failed to establish that there was sufficient contact between the University and the State of New Mexico to establish jurisdiction over the University.  The New Mexico Court of Appeals affirmed the decision that the New Mexico courts lacked jurisdiction over the University because the evidence did not support the proposition that Mr. Woodbury was an agent of the University.

4

Plaintiff did not petition the New Mexico Supreme Court for certiorari and the time for doing so expired over two years before he filed the instant complaint in this Court.  Although Plaintiff prevailed in his claims against Mr. Woodbury, individually, he was a "state court loser" within the meaning of *Exxon Mobil Corp.*, 544 U.S. at 284, with respect to the University.

Plaintiff was given the opportunity to set forth facts, sufficient by a preponderance standard, to establish agency, and therefore personal jurisdiction, over the University.  In that, he failed.  The state court's determination that insufficient facts were alleged, and proved, to establish personal jurisdiction is surely conclusive of the agency question.  The New Mexico Court of Appeals' *de novo* review sets that issue to rest.

Repackaging facts, to include post-dismissal facts, does not alter the result.  The ultimate question is whether Mr. Woodbury was an agent for the University *at the time of the Strong transaction*.  Judge Hall and the New Mexico Court of Appeals have addressed that issue and events that may have occurred thereafter have no bearing on that determination or the relationship between the two as of that transaction.

Plaintiff invites this Court to review and reject the decision of the state court by raising a claim that is inextricably intertwined with the state court's judgment.  Plaintiff's allegation herein that Mr. Woodbury acted as an agent for the University underscores that he seeks to revisit an issue on which he lost in state court.  The agency question is the same question that was raised and rejected by the state courts.  Because Plaintiff attacks a state-court holding that is " 'inextricably intertwined' with the state court's judgment", *Exxon Mobil Corp.*, 544 U.S. at 286, n.1 (quoting *Feldman*, 460 U.S. at 482, n.16), Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *Lance v. Dennis*, 546 U.S. at 463; *Exxon Mobil Corp.*, 544 U.S. at 283.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims.  Based on this determination, it is

unnecessary to address the University's arguments concerning *res judicata* and collateral estoppel.

**WHEREFORE,**

   **IT IS ORDERED** that this matter is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE.**


_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**